IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MID-SOUTH IRON WORKERS WELFARE PLAN; IRON WORKERS MID SOUTH PENSION FUND; OKLAHOMA IRON WORKERS' DIRECT CONTRIBUTION PLAN AND TRUST; OKLAHOMA IRON WORKERS' APPRENTICESHIP & TRAINING FUND LOCAL 48;<br><br>        Plaintiffs,<br><br>v.<br><br>RYAN MICHAEL HARMON and KRYSTAL DAWN HARMON, husband and wife,<br><br>        Defendants. | Case No. CIV-15-138-C |

MEMORANDUM OPINION AND ORDER

Plaintiffs are a group of ERISA funds who are seeking to recover from Defendants funds which they allege Defendants have failed to properly contribute under the terms of a collective bargaining agreement. The legal activity on this issue began in August of 2010 when Plaintiffs sued Angel Erectors, LLC, alleging that it had breached the terms of the collective bargaining agreement by failing to pay employer contributions. Shortly after Angel Erectors was served with that lawsuit, Harmon Steel Constructors, LLC, was formed. According to Plaintiffs, K. Harmon was the founding member and alter ego of Angel Erectors, LLC, and R. Harmon formed Harmon Steel. In various proceedings in the prior case and other actions, Plaintiffs have attempted to recover from either Angel Erectors or Harmon Steel the money which they allege should have contributed to the ERISA plans.

Unsuccessful in these endeavors, Plaintiffs brought the present action against Defendants, seeking to obtain alter ego liability and attach personal assets of the individuals. Alternatively, Plaintiffs allege a breach of fiduciary duty arising under ERISA.

Defendants have filed a Motion to Dismiss, arguing that Plaintiffs failed to comply with certain statutory requirements of Oklahoma law in pursuing their alter ego claim. Defendants also argue that the statute of limitations has expired for bringing a claim under the ERISA statutes, or, in the alternative, that the breach of fiduciary claim under ERISA fails as a matter of law.

Plaintiffs filed their action in state court and Defendants removed it here. The Court's jurisdiction is premised on 28 U.S.C. § 1331, based on the existence of an ERISA claim. See 29 U.S.C. § 1132(e)(2). Because Defendants have challenged the validity of the ERISA claim, and that claim would have a bearing on the Court's continuing jurisdiction, it will be addressed first.

The time limit for Plaintiffs' claim for breach of fiduciary duty is governed by ERISA's statute of limitations, namely 11 U.S.C. § 1113(2) ("No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of . . . three years after the earliest date on which the plaintiff had *actual knowledge of the breach or violation*") (emphasis added). Here, the basis on which Plaintiffs bring their breach of fiduciary duty claim is Defendants' failure to pay monthly employer contributions. Defendants argue that Plaintiffs knew long ago about the duty and the alleged breach,

2

because it was on that basis that they sued Angel Erectors, LLC, on August 31, 2010. As Defendants note, Plaintiffs were also aware of Harmon Steel's relationship to Angel Erectors and any wrongdoing by that entity at least by June 6, 2011, when they filed a Motion to Dismiss in Angel Erectors' bankruptcy case. In that motion, Plaintiffs set out in detail their understanding of the relationship between Angel Erectors, Harmon Steel, and the Defendants in this action.

The Tenth Circuit has not specifically addressed the meaning of "actual knowledge" under § 1113; however, the Third Circuit has explained it as follows: "Under 29 U.S.C. § 1113(2), 'actual knowledge of a breach or violation' requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists . . . ." Gluck v. Unisys Corp., 960 F.2d 1168, 1177 (3d Cir. 1992). Here, it is clear that Plaintiffs had actual knowledge of all the material facts necessary to pursue a breach of fiduciary claim against Defendants at least as early as June of 2011. Accordingly, because their Petition here was not filed until December 31, 2014, it is beyond the three-year statute of limitations and untimely. Defendants' Motion to Dismiss will be granted on this ground.

Dismissal of the breach of fiduciary claim under ERISA terminates all federal claims in this action. Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction and remands Plaintiffs' claims for alter ego liability to the District Court of Oklahoma County.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 1-4), is GRANTED in part. Because Plaintiffs' claims are filed beyond the limitations period, they

3

cannot be pursued. Therefore, the claims brought for breach of fiduciary duty are dismissed with prejudice; the Court declines to exercise supplemental jurisdiction over Plaintiffs' claims for alter ego or piercing the corporate veil, and those matters are remanded to the District Court of Oklahoma County. The Court Clerk is directed to take the necessary action to return this matter to that court.

 IT IS SO ORDERED this 12th day of March, 2015.

ROBIN J. CAUTHRON  
United States District Judge